## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

OSCAR DANTZLER                                          CIVIL ACTION NO.

VERSUS

OUR LADY OF THE LAKE                                    25-40-SDD-EWD
HOSPITAL, INC., ET AL.

### RULING AND ORDER

Before the Court is "Plaintiff's Motion for Rehearing the Judge's Remanded Order Signed On January 16, 2025 for the Best Interest of Justice with Orders" ("Motion"), filed by Plaintiff Oscar Dantzler ("Dantzler"), who is representing himself. (Doc. 6).[1] The Court will consider the Motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The Motion will be denied because Dantzler has not satisfied the requirements of Rule 59(e) to obtain reconsideration of the Court's January 16, 2025 Order and Judgment of Remand (the "Remand Order").[2] On its own, the Court also finds that Dantzler has not established that this Court has subject matter jurisdiction over his claims.

### I.  Procedural History

On January 13, 2025, Dantzler attempted to remove to this Court his own March 3, 2023 Petition for Damages, which he originally filed in Louisiana state court. (Doc. 1,

---

[1] Documents filed into the record of this case are referred to as "Doc. __".  Dantzler paid the filing fee, *see* R. Doc. 1.

[2] The Motion states that Dantzler has filed a motion for recusal of "Judge, Brain Jackson," presumably the undersigned (R. Doc. 6, p. 1, ¶ 1); however, there is no pending motion for recusal on the docket of this case.

pp. 5-12).[3] Dantzler attempted to remove his own case to federal court because he was not satisfied with the handling of his case in state court and wanted quicker review by this Court. (Doc. 1, pp. 1-2). In the same Notice of Removal, Dantzler also attempted removal of another, and identical, March 3, 2023 Petition for Damages that was also filed in Louisiana state court.  (Doc. 1, p. 2 and Doc. 1-7, pp. 1-8).[4]  On January 16, 2025, the Court ordered both cases remanded to state court on the grounds that Dantzler, as the plaintiff, could not remove the state court cases to this Court.  (Doc. 4). In the current Motion, Dantzler seeks reconsideration of the Remand Order.

## II.    Law and Analysis

### A.  Legal Standard on a Motion for Reconsideration

"Since the Federal Rules of Civil Procedure do not specifically recognize a motion for rehearing, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure."  *Poe v. Maersk Line Ltd*., No. CIV.A. 05-1840, 2007 WL 1198917, at *1 (E.D. La. Apr. 20, 2007) (citing *Ford v. Elsbury,* 32 F.3d 931, 937 (5th Cir. 1994) (other citations omitted). Thus, either Rule 59(e) or Rule 60 applies to Dantzler's request for relief from the Remand Order.

---

[3] *Oscar Dantzler v. Our Lady of the Lake, Inc. et. al*., No. 177340, Division B, Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.  Named as Defendants are Our Lady of the Lake General Hospital, Inc. (the "Hospital"); Charles Spicer, President of the Hospital; the law firm of Cash Coudrain & Bass, LLP; attorney Ashley Edwards Bass ("Bass"); and the fictitiously named "Agent One-Five."

[4] *Oscar Dantzler versus Our Lady of the Lake Hospital, Inc. et al*., No. 2023-715, Div. F, Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana. The two Petitions contain the same allegations against the same Defendants and were filed on the same day; therefore, they are referred to in the singular, *i.e.*, "Petition."

> A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. … If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.

*Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182, n.2 (5th Cir. 2012), citing *Texas A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 400 (5th Cir. 2003).

Here, the Order and Judgment of Remand was entered on January 16, 2025. (Doc. 4).  Because Dantzler filed the current Motion on January 29, 2025—13 days later—his Motion will be considered under Rule 59(e).

The United States Court of Appeals for the Fifth Circuit, whose opinions this Court is bound to follow, has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion "calls into question the correctness of a judgment." … This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. … Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."… Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004).[5]

Dantzler argues that reconsideration is warranted "in the best interest of justice" and to prevent bias based on a vague allegation that the Court "errored" in remanding the

---

[5] *Id.,* citing *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002), *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990), *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted) and *Clancy v. Employers Health Ins. Co.,* 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).

cases.  (R. Doc. 6, pp. 1-2, ¶¶ 6-7, 9-10).[6]  Construing his allegations liberally, Dantzler seeks reconsideration based on an alleged error of law or fact, which falls within the scope and purpose of Rule 59(e).  Other courts in this Circuit have applied Rule 59(e) to orders granting and denying remand.  *See Ford,* 32 F.3d at 937.[7]

Therefore, the Court construes the Motion as a motion to alter or amend the judgment under Rule 59(e).

### B. Dantzler Has Not Alleged Any Grounds Supporting Reconsideration of the Remand Order

As explained in the Court's Remand Order, because Dantzler was the plaintiff in both state court actions, he was not permitted to remove to this Court any suit he filed in state court, so both cases were remanded back to state court.[8]  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence'…."  *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate

---

[6] Dantzler also alleges that he received "no court notice" of the Remand Order although he admits that on January 28, 2025, he received "knowledge from the Court" of the Remand Order.  The Remand Order was mailed to Dantzler, but it was returned as undeliverable.  (R. Doc. 7).  The Remand Order will be resent Dantzler at his residential address of record and to his Post Office box.

[7] *Ford* at *id.* (applying Rule 59(e) to the plaintiff's "motion to reurge" a motion to remand and a motion to amend that was filed within Rule 59's prior ten day deadline and holding: "The motion to reurge is best characterized as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). We have held that a 'motion for reconsideration' should be so treated, and see no reason to treat a 'motion to reurge' differently. '…Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend.' *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353, 355 (5th Cir. 1993).").  *See also 351 Sam Rayburn Tollway LLC v. Hurst,* No. 4:25-CV-00023-ALM-BD, 2025 WL 1554786, at *1 (E.D. Tex. Apr. 28, 2025) (denying Rule 59(e) motion for reconsideration of order remanding case) and, *e.g., Sanders v. Wright,* 734 Fed. Appx. 303, 304 (5th Cir. 2018) (dismissing appeal of the district court's denial of Rule 60(b) motion for reconsideration of order remanding case) and *Obersteller v. United States,* No. A-13-CV-198-LY, 2013 WL 7138802, at *1 (W.D. Tex. July 19, 2013) (denying motion for reconsideration of order denying motion for remand).

[8] *See Jerry Family of Sark v. Federal Home Loan Mortgage Corp.,* 161 Fed.Appx. 367 (5th Cir. 2005) ("[P]laintiffs cannot 'remove' to federal court a case they chose to file in state court."); *Union Construction Co. v. Dillingham Corp.,* No. 69-104, 334 F. Supp. 502, 503 (S.D. Tex. March 22, 1971), (citing 28 U.S.C. § 1441, which "specifically permits removal by a defendant or defendants, but not by a plaintiff.") (additional citation omitted).

when there has been an intervening change in the controlling law." *Schiller,* 342 F.3d at 567.

Dantzler has not asserted any factual allegations or legal arguments to support Rule 59(e) reconsideration based upon a manifest error of law or fact, nor has he asserted any new evidence that would justify reconsideration of the Remand Order. Rather, Dantzler only quotes a few federal statutes and a string cite of cases that deal with transfers of venue (R. Doc. 6, pp. 2-3),[9] which do not address or relate to reconsideration of the Remand Order.[10] Reconsideration is disfavored and discretionary.[11] Because Dantzler has failed to allege any facts or argument that would merit application of Rule 59(e), the Court will deny Dantzler's request for a rehearing of the Remand Order.

### C. Remand Was Also Proper Because Dantzler Has Not Established Subject Matter Jurisdiction

Unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts may only entertain those cases over which there is federal

---

[9] The Motion quotes 28 U.S.C. §§ 1331, 1404, 1406, 1441, 1446 and cites, *e.g.*, *LS Parry, Inc. v. Tepeyac, LLC,* No. 18-CV-11808 (NSR), 2020 WL 5026589, at *6 (S.D.N.Y. Aug. 25, 2020) (granting a motion to transfer venue in the interest of justice) and *Cont'l Grain Co. v. The FBL-585,* 364 U.S. 19, 26 (1960) (affirming the transfer of the action to a different venue in the interest of justice).

[10] Dantzler's Motion expressly seeks "rehearing [of] the Judge's Remanded [sic] Order Signed on January 16, 2025," not a venue transfer. R. Doc. 6, p. 1. To the extent that Dantzler's reference to cases addressing transfers of venue is also Dantzler's attempt to seek a transfer of venue, it is also denied. Dantzler's two state court cases have already been remanded, and reconsideration of the Remand Order is denied; therefore, a transfer of venue to another federal court is no longer available. Even if the cases had not been remanded, transfer is also not possible if a court lacks subject matter jurisdiction over them, which is discussed *below*. *See Chandler v. United States,* 338 F. Supp. 3d 592, 605 (N.D. Tex. 2018) ("But [i]t is often stated that a federal court cannot transfer a case if subject matter jurisdiction does not exist." … "'Unless a federal court possesses subject matter jurisdiction over a dispute ... any order it makes (other than an order of dismissal or remand) is void.'" (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro,* 21 F.3d 667, 674 (5th Cir. 1994))(other citations omitted).

[11] "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.' … the Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'" *Appel v. Inspire Pharms., Inc.,* No. 09-1281, 2010 WL 3292703, at *1 (N.D. Tex. Aug. 19, 2010) citing *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995) and *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

subject matter jurisdiction. There are two primary ways to establish federal subject matter jurisdiction. First, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States" (federal question jurisdiction) pursuant to 28 U.S.C. § 1331. This Court also has subject matter jurisdiction over civil cases where the amount in controversy is more than $75,000.00, exclusive of interest and costs, and the parties are of completely diverse citizenship (*i.e.*, all plaintiffs are citizens of a different state than all defendants) (diversity jurisdiction) pursuant to 28 U.S.C. § 1332. A federal court is to presume that a case lies outside its subject matter jurisdiction, and the burden to establish federal subject matter jurisdiction is on the party asserting it (here, Dantzler). *Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130, at *1 (5th Cir. 2002), citing *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001). A court may raise on its own at any time the issue of whether subject matter jurisdiction exists. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

The Notice of Removal explicitly invokes federal question subject matter jurisdiction.[12] Jurisdiction exists under 28 U.S.C. § 1331 when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983).    Although the Notice of Removal does not

---

[12] R. Doc. 1, pp. 1-3.  The Notice of Removal does not allege that diversity subject matter jurisdiction exists, nor does it appear to exist because the Hospital and Bass are likely of the same Louisiana citizenship as Dantzler, based on Dantzler's Louisiana address and employment with the Tangipahoa Parish School Board ("School Board"). (R. Doc. 1, pp. 1, 5, 10 and R. Doc. 1-7).  The amount in controversy has also not been adequately alleged, as the Notice of Removal states that Dantzler's claims exceed only $10,000, exclusive of interest and costs. (R. Doc. 1, p. 2).

substantively assert a 42 U.S.C. § 1983 ("Section 1983") claim, the Notice of Removal and Petition vaguely allege violations of Dantzler's rights under the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution,[13] and Section 1983 is the necessary vehicle through which a plaintiff must allege federal constitutional violations. *See Hunt v. Smith,* 67 F. Supp. 2d 675, 681 (E.D. Tex. 1999) (citing *Hearth, Inc. v. Department of Pub. Welfare,* 617 F.2d 381, 382–83 (5th Cir.1980)).

Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the constitution and laws of the United States.  42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  Section 1983 is not a source of substantive rights but merely provides a method for vindicating federal rights granted elsewhere.   *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 n.3 (5th Cir. 1999). A plaintiff asserting a claim under Section 1983 must demonstrate that a defendant (1) deprived him of his constitutional rights and (2) acted under color of state law. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). While private individuals generally are not considered to act under state law, a private individual's action may be deemed to be state action if the defendant's conduct is fairly attributable to the state. *Moody,* 868 F.3d at 352. Otherwise, when non-state actors are involved, to hold them liable on a Section 1983 claim, "they must have engaged in a conspiracy with state actors to violate [his] constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (citation omitted).

Setting aside whether Dantzler has alleged a deprivation of his federal constitutional rights, none of the Defendants are state actors and Dantzler has not

---

[13] R. Doc. 1, pp. 1-3 (Notice of Removal) and R. Doc. 1, p. 6, ¶ 5, pp. 7-8, ¶¶ 15-18 (Petition).

pleaded that they are, nor does Dantzler attribute Defendants' conduct to any state actor. The only other way that Dantzler's Section 1983 claim could be raised against Defendants is if any of them were alleged to have conspired with a state actor, but Dantzler has not identified any such state actors in his state court Petition, nor has he alleged that there was any conspiracy involving a state actor (or otherwise).

As Dantzler's Petition fails to identify any state actors and fails to plead factual allegations from which one could plausibly conclude that the acts of Defendants were fairly attributable to the state or that Defendants conspired with any state actors, Dantzler's Section 1983 claim against Defendants is not arguable or colorable, and thus cannot support federal question jurisdiction.  In *Williamson as Next Friend of J.S.W. v. Presbyterian Christian School, Inc.,* No. 2:18-CV-15-LG-MTP, 2018 WL 10419234 (S.D. Miss. Oct. 02, 2018), another federal district court remanded a case removed on the basis of a purported Section 1983 claim for lack of jurisdiction because, while the plaintiff asserted a violation of due process rights pursuant to the Fourteenth Amendment, "neither pleading contains an allegation that [the defendant] is a state actor. Moreover, there are no factual allegations in those pleadings from which one could plausibly conclude that the acts of [the Defendant] were fairly attributable to the state or that [the defendant] conspired with any state actors." 2018 WL 10419234, at *3.  As the *Williamson* Court explained,

> Under the well-pleaded complaint rule, a plaintiff's federal question must appear on the face of his well-pleaded complaint. *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 682 (2018). While a plaintiff need not cite a specific federal provision, such as 42 U.S.C. § 1983, he must allege facts sufficient to establish a colorable issue of federal law. *Id.* The absence of a valid cause of action does not implicate subject-matter jurisdiction, but the absence

of an arguable one does. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A finding of lack of subject-matter jurisdiction due to inadequacy of a federal claim is proper "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.*

2018 WL 10419234, at *2.

Here, Dantzler's claims arise out of a state court proceeding between Dantzler and the School Board, his former employer. During that proceeding, Dantzler alleges that Bass, the School Board's attorney, violated Dantzler's rights when Bass obtained Dantzler's medical records from the Hospital and Dantzler's federal income tax returns. Dantzler claims that Bass forged his signature and obtained his records without his consent, and the Hospital violated Dantzler's rights when it produced Dantzler's medical records to Bass. (Doc. 1, pp. 5-12). Dantzler has not named any state actor defendants, has not alleged any acts of Bass or the Hospital that were fairly attributable to the state, and has not alleged that Bass or the Hospital conspired with any state actors.[14] Dantzler's claims before this Court involve only non-state actors over state law tort claims, and thus, they do not plausibly allege a federal controversy.  As such, the Court lacks subject matter jurisdiction over Dantzler's claims and remand was also proper on this basis.

Accordingly,

---

[14] While Dantzler has also named the President of the Hospital and Bass's law firm as additional defendants, they are also not state actors and the Petition does not specifically assert any facts or claims against them. Furthermore, while the Notice of Removal references Dantzler's dissatisfaction with the state court proceedings and/or the judges, the judges are not defendants in this action. Dantzler has already filed a separate federal court action against the two state court judges.  (Doc. 1, pp. 1-2; Docs. 1-5, 1-6, and 1-8, p. 11).

**IT IS ORDERED, ADJUDGED AND DECREED** that the "Plaintiff's Motion for Rehearing the Judge's Remanded Order Signed On January 16, 2025 for the Best Interest of Justice with Orders," filed by Plaintiff Oscar Dantzler, is **HEREBY DENIED**.

**IT IS FURTHERED ORDERED** that this Order and Judgment of Remand AND the Court's January 16, 2025 Order and Judgment of Remand shall be sent to Plaintiff Oscar Dantzler at 1203 Apple Street Hammond, LA 70401 and to P.O. Box. 1786, Hammond, LA 70404 by regular mail and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, this <u>5th</u> day of <u>September</u>, 2025.

_Shelly D. Dick_
_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**